1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARL D. MITCHELL,                          No.  2:12-cv-0296 MCE DAD P

12                  Petitioner,

13        v.                                     FINDINGS AND RECOMMENDATIONS

14   CALVIN CHAPPELL,

15                  Respondents.

16

17          Petitioner is a state prisoner proceeding pro se with an application for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  On June 6, 2005, petitioner was convicted in Sacramento

19   County Superior Court on three counts of robbery and six counts of false imprisonment.  (See

20   Lodged Doc. 1.)  The court sentenced petitioner to an indeterminate term of 384 years to life in

21   state prison.  (Petition (Doc. No. 1) at 1.)  The California Court of Appeals for the Third

22   Appellate District vacated his sentence in 2007 and vacated his subsequent re-sentencing in 2008.

23   (See Lodged Docs. 2 and 6.)  On March 20, 2009, the Sacramento County Superior Court

24   sentenced him for a third time, imposing an indeterminate state prison term of 324 years to life.

25   (See Lodged Doc. 11 at 2.)  The Superior Court entered an amended abstract of judgment,

26   reflecting a sentence of the same duration, on March 23, 2009.  (Id.)

27   /////

28   /////

                                                  1

1   I. Background

2      On March 21, 2012, this court dismissed the instant petition on the ground that it was

3   successive to the petition filed in Mitchell v. Hedgpeth, Civil Action No. 2:09-cv-0269-MCE-

4   CMK (E.D. Cal.).  (See Docket Nos. 4, 10.)  However, the Ninth Circuit vacated that dismissal on

5   December 6, 2013, citing the decision in Magwood v. Patterson, 561 U.S. 320 (2010), and the

6   case "for adjudication of appellant's petition for writ of habeas corpus."  (Doc. No. 17.)  The

7   decision in Magwood stands for the proposition that a federal habeas challenge is not "second or

8   successive" under 28 U.S.C. § 2244(b) if it attacks a new sentence imposed under a standing

9   conviction that the petitioner has already challenged through a separate, previously filed federal

10  habeas petition.  Magwood, 561 U.S. at 341-42.  Under Magwood, the new sentence constitutes a

11  new state court judgment for purposes of the federal habeas statute; therefore the first petition that

12  addresses the legality of the newly imposed sentence is the first petition, not a "second or

13  successive" one, to seek relief from the new judgment.  Id.

14     In this case, the respondent properly interprets the Ninth Circuit's reliance on Magwood in

15  its summary order of remand to indicate that "the March 20, 2009 [resentencing is] being

16  challenged in the current petition."  (Motion to Dismiss (Doc. No. 25) at 3.)  Respondent has now

17  filed a motion to dismiss the pending petition on the ground that it was filed beyond the one-year

18  statute of limitation set in 28 U.S.C. 2244(d) and is therefore time-barred.

19  II. Analysis

20     Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year

21  period of limitation applies to a petition for writ of habeas corpus filed in federal court by a

22  person in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).  The statute

23  of limitations applies to all federal habeas petitions filed after the statute was enacted on April 24,

24  1996.  Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  It provides, in relevant part:

25      (d) (1)  A 1-year period of limitation shall apply to an application
        for a writ of habeas corpus by a person in custody pursuant to the
26      judgment of a State court.  The limitation period shall run from the
        latest of –

27

28  /////

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

"Where, as here, the California Court of Appeal remands a case to the Superior Court to issue an amended judgment to reflect the appellate court's opinion, the petitioner's conviction becomes final for purposes of federal habeas review upon conclusion of direct review of the amended judgment or upon the expiration of time for seeking such review." Cooper v. Harrington, No. CIV S-09-3093 FCD DAD P, 2010 WL 1644508 at *3 (E.D. Cal. Apr. 21, 2010) (the AEDPA "limitations period did not begin until both [the petitioner's] conviction *and* sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review'") (citing Burton v. Stewart, 549 U.S. 147, 156-57 (2007)); see also Gonzalez v. Thaler, --- U.S. ---, ---, 132 S. Ct. 641, 653-54 (2012) (holding that under § 2244(d)(1)(A), for petitioners who do not pursue direct review, "the judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in this Court, or in state court, expires"). Cf. United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005) ("Without that amended judgment, we hold, LaFromboise's conviction is not yet final and the one-year statute of limitation period [under § 2255] has not begun to run.")

/////

3

1    Here, the state trial court entered an amended abstract of judgment on March 23, 2009.

2  Petitioner did not appeal.  Therefore the judgment became "final" under § 2244(d)(1)(A) on May

3  22, 2009, when the sixty-day period to seek direct review expired.[1]  See California Rules of

4  Court, Rule 8.308(a); Cooper, 2010 WL 1644508 at *4.  The limitations period for filing under

5  AEDPA started running the next day, May 23, 2009.  See Mendoza v. Carey, 449 F.3d 1065,

6  1067 (9th Cir. 2006) ("[Petitioner] did not appeal; therefore his conviction became final . . . 60

7  days after the judgment of conviction"); Cooper, 2010 WL 1644508 at *4; Rucker v. Clark, No.

8  CV 07-1392 AHS (OP), 2008 WL 657950 at *3 (C.D. Cal. Mar. 5, 2008) (petitioner's conviction

9  became final sixty days after trial court issued amended judgment in accordance with court of

10 appeal's opinion); Cuadras v. Evans, No. CIV S-07-0222 LKK GGH, 2007 WL 4570815 at *2

11 (E.D. Cal. Dec. 27, 2007) (same); Lor v. Kramer, CIV F 05-1556 AWI SMS HC, 2006 WL

12 3388534 at *2 (E.D. Cal. Nov. 22, 2006) (same).

13    The statute of limitations for filing a federal habeas petition is tolled during the pendency

14

---

15  [1]  Respondent marks the day of final judgment sixty days from March 20, 2009, when the
Sacramento County Superior Court first entered its new sentence after the California Court of
16  Appeal's remand.  However, the Superior Court's entry of an amended abstract of judgment
appears to have re-set that trigger at March 23, 2009.  See, e.g., Chance v. Martel, No. 2:11-cv-
17  0562 GEB KJN P, 2012 WL 1229148 at *2 (E.D. Cal. Apr. 10, 2012) ("Petitioner's conviction
became final sixty days after the . . . entry of the amended judgment by the trial court"); Sargent
18  v. Curry, No. C.V. S-06-2232 RRB KJM P, 2007 WL 4356577 at *2 (E.D. Cal. Dec. 11, 2007)
(explaining that "the AEDPA limitations year began to run at the expiration of the sixty day
19  period for filing a notice of appeal from the amended abstract of judgment"); Chism v. Clark, No.
CIV S-08-2260 WBS EFB P, 2010 WL 455466 at *2 (E.D. Cal. Feb. 3, 2010) ("The Sacramento
20  County Superior Court amended the judgment against [the petitioner] on June 17, 2003.  The
judgment became final within the meaning of section 2244(d)(1)(A) when the time for filing an
21  appeal expired sixty days later, on August 16, 2003.  The one-year limitations period began
running the following day.")  In cases where an amended abstract of judgment issues only to
22  correct a clerical error, courts have held there is no new judgment that would re-set the date from
which a judgment becomes "final" under § 2244(d)(1)(A).  See, e.g., Johnson v. Sisto, No. CIV
23  S-08-496 MCE KJM P, 2010 WL 1006444 at *7 (E.D. Cal. Mar. 17, 2010).  Here, a minute order
explaining the amended abstract states that the "resentencing of 3/23/09 . . . [was] clarified as
24  follows:  Counts 1, 3, 4, 6, 7, and 9 are to run consecutively to each other."  (Lodged Doc. 9.)  On
its face, the sentence modification recorded in the amended abstract is not insignificant.
25  Moreover, the minute order refers back to the "resentencing" of March 23, not March 20, 2009.
Although the result of this analysis is the same regardless of which of the two dates is relied upon,
26  the information before the court points toward March 23, 2009 as the more appropriate starting
point for statute of limitations purposes.

27

28

1   of any "properly filed" state collateral attack on the judgment.  Nino v. Galaza, 183 F.3d 1003,

2   1006-07 (9th Cir. 1999).  The intervals between stages of California's "unusual system of

3   collateral review" will toll the federal limitations period as long as the intervals are each of

4   reasonable duration.  Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010).  However, a state

5   petition filed after the limitations period has run will neither revive nor toll the statute of

6   limitations.  Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).  The filing of a federal habeas

7   action does not toll the AEDPA statute of limitations.  Duncan v. Walker, 533 U.S. 167 (2001).

8         Here, petitioner pursued five state habeas petitions attacking the sentence that was

9   imposed on March 23, 2009, beginning with the one he filed in the Sacramento County Superior

10  Court on April 7, 2009, before the 60-day period for direct review had expired.  That petition was

11  denied on May 28, 2009.  He filed a second petition with the California Court of Appeal on July

12  1, 2009.  That petition was denied on July 23, 2009.  Petitioner did not file another state habeas

13  application attacking the March 23, 2009 sentence until he submitted his third petition in the

14  Sacramento County Superior Court on February 15, 2011 – effectively electing to re-start his set

15  of state habeas challenges rather than proceed to the final stage of collateral review before the

16  California Supreme Court.  The Sacramento County Superior Court denied that petition on March

17  30, 2011.  The California Court of Appeal and the California Supreme Court each denied his

18  subsequent petitions filed in those courts, on April 28, 2011 and November 16, 2011,

19  respectively.

20        Respondent correctly concedes that the first two state habeas petitions – filed April 7,

21  2009, and July 1, 2009 – tolled the AEDPA one-year limitations period because petitioner

22  submitted both within California's "reasonable time" standard.  (See Motion at 5.)  Respondent is

23  also correct that the duration of time between the California Court of Appeal's denial on July 23,

24  2009, and petitioner's third state habeas petition filed in Sacramento County Superior Court on

25  February 15, 2011 – a span of 571 days – was unreasonable under that same standard and thus

26  "forecloses the award of interval tolling."  (Id.)  In this regard, the Ninth Circuit has held that

27  unexplained delays of 101 and 115 days between petitions by a California prisoner in seeking

28  state habeas relief from the next highest state court were unreasonable for purposes of statutory

5

1    tolling of the AEDPA statute of limitations.  See Chaffer v. Prosper, 592 F.3d 1046, 1048 & n.1

2    (9th Cir. 2010) (noting that the California Supreme Court denied certification of the question

3    when the Ninth Circuit sought guidance on the issue under California law); see also Stewart v.

4    Cate, 757 F.3d 929, 937 (9th Cir. 2014) (finding a 100-day delay unreasonable in the absence of a

5    showing of good cause).  Similarly, in Banjo the Ninth Circuit decided that a 146 day delay

6    between state habeas petitions was too long.  614 F.3d at 970.  Here, petitioner waited 572 days

7    between the denial of his second petition and the filing of his third state habeas petition – almost

8    four times longer than the prisoner in Banjo.  See Evans v. Chavis, 546 U.S. 189, 201 (2006)

9    (finding "no authority suggesting, nor . . . any convincing reason to believe, that California would

10    consider an unjustified or unexplained 6-month filing delay 'reasonable'").

11        Petitioner's return to the Sacramento County Superior Court to file his third state petition

12    on February 15, 2011, was not only unreasonably delayed, it was nearly seven months after the

13    time for filing a federal habeas petition under AEDPA had expired.  Of course, the filing of a new

14    state habeas petition cannot reinitiate or revive the limitations period once it has expired.  See

15    Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  Moreover, even accepting for the sake

16    of argument petitioner's contention that he could start his state habeas process over without time

17    constraints because in the California state courts "[t]here is no time limitation for challenging

18    sentencing errors" (Opposition (Doc. No. 27) at 8), petitioner cannot, by that interpretation,

19    redefine the meaning of "final judgment" under § 2244(d)(1), as discussed above.  Petitioner

20    chose not to appeal from the sentence imposed March 23, 2009.  Therefore the judgment of

21    conviction became final on May 22, 2009.  His first two, reasonably-timed state habeas petitions

22    only tolled the running of AEDPA's limitations period for the seeking of federal habeas relief

23    from that date of final judgment.  They did not re-set the date of final judgment and neither did

24    petitioner's third, fourth or fifth state habeas petitions, filed almost seven months after his

25    entitlement to tolling of the AEDPA statute of limitations had ended.

26        With no reasonably timed resumption in his state habeas process, the petitioner's one-year

27    limitations period for seeking federal habeas relief was tolled until the day after the California

28    Court of Appeals denied his petition on July 21, 2009.  Petitioner's time for filing a federal

1  habeas petition therefore expired on July 22, 2010.  However, petitioner did not file his

2  application for relief in this court until February 3, 2012.  His pending application for federal

3  habeas relief is therefore time-barred under 28 U.S.C. § 2244(d)(1).

4          Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss

5  (Doc. No. 25) be granted, petitioner's application for a writ of habeas corpus be denied and this

6  case be closed.

7          These findings and recommendations are submitted to the United States District Judge

8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

9  after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

12  may address whether a certificate of appealability should issue in the event he files an appeal of

13  the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

14  court must issue or deny a certificate of appealability when it enters a final order adverse to the

15  applicant).  Any response to the objections shall be served and filed within fourteen days after

16  service of the objections.  The parties are advised that failure to file objections within the

17  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

18  F.2d 1153 (9th Cir. 1991).

19  Dated:  March 1, 2015

20

21                                          DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE
22

23

24  hm
    mitc0296.157
25

26

27

28
                                            7